# N. Y. SUPERIOR COURT.

*Reinsurance — loss adjusted — terms of policy.*

**No. 1.**

CARLISLE NORWOOD, Receiver of THE LORILLARD FIRE INSU-
RANCE COMPANY, agt. THE RESOLUTE FIRE INSURANCE
COMPANY.

**No. 2.**

SAME agt. SAME.

**No. 3.**

SAME agt. SAME.

**No. 4.**

SAME agt. SAME.

A policy of reinsurance consisting of a printed form filled in in writing con-
tained, immediately after the ordinary reinsuring clause, the following
written provision: "Loss, if any, payable *pro rata* with the reassured."
In a subsequent portion of the policy, among a number of qualifying
printed clauses, occurred the following (also printed): "Reinsurance, in
case of loss, to be settled in proportion as the sum reinsured shall bear
to the whole sum covered by the reinsured company."

*Held,* that the former clause was too obscure to vary the general allegation
of the reinsurer to pay, whether the primitive insurer had paid or not.

That as the policy was not framed with the view of giving to each clause
a separate meaning, but with a contrary view, the said former clause
could not be deprived of its ordinary meaning, merely because other
parts of the policy make a similar provision.

That the said former clause means that the loss under the reassuring policy
is payable by the reassuring company *pro rata* with the loss payable by
the primitive insurer; that is, that the reassurer is bound to indemnify
the primitive insurer in the same proportion that the latter is bound to
indemnify the primitive assured; and does not imply that the loss, under
the reassuring policy, is not payable till the loss *has been paid* under the
primitive policy; or that the loss, under the reassuring policy, is to be
paid in the same ratio as the loss *is paid* under the primitive policy.

Norwood agt. Resolute Fire Insurance Co.

That payment by the reinsured is not a condition precedent to recovery against the reinsurer.

*Before* MONELL, CURTIS *and* SEDGWICK, *JJ.*

MOTION that exceptions ordered to be heard in first instance at general term be overruled, and that plaintiff have judgments on verdicts rendered in his favor under direction of the court.

These four actions were brought upon policies made by the defendant reinsuring the company, of which the plaintiff was receiver, against loss on certain property, the owners of which property had been insured upon the same property by the receiver's company.

Each of the policies of reinsurance contained, immediately after the description of the property upon which the reinsurance was made, the following written clause : " Loss, if any, payable *pro rata* with the reassured."

The policies also contained the following among the usual printed clauses : " Reinsurance, in case of loss, to be settled in proportion as the sum reinsured shall bear to the whole sum covered by the reinsured company."

The complaints set forth these two clauses in full, and, among the other ordinary allegations, contained the allegation that due notice and proofs of loss were made by the receiver's company and received by the defendant.

The complaint contained no allegation of any payment by the receiver or his company to the primitive assured.

The trials took place on the 22d day of April, 1873, before the Hon. J. J. FREEDMAN and a jury.

All the allegations of the complaint, not admitted by the answer, were admitted upon the trial to be true, or to have been duly established by the proof offered, with the exception of the allegation of notice and proofs of loss. The proof offered under this allegation was of service upon the defendants of a copy of the ordinary proofs and notice which had been served upon the plaintiff's company after the loss under the primi-

Norwood agt. Resolute Fire Insurance Co.

tive policy, pursuant to the terms of such policy; and of the fact that the defendant had, since the reception of the proofs and notices, offered to pay the plaintiff the same per centage as the plaintiff paid to the primitive insured.

The defendant, after the plaintiff had rested, moved to dismiss the complaints on the ground that no proof had been made of any payment by the receiver or his company to the primitive assured, and that without such payment the defendant was not liable; and on the ground that the preliminary proofs were defective, as not containing any proof of such payment. Such motion was denied, and defendant excepted.

The defendant thereupon requested the judge to direct verdicts for the defendant. Such request was refused, and the defendant excepted.

The defendant then requested the judge to direct verdicts for the defendant on the ground that, by the terms of defendant's policies, some payment must have been made by the reassured before any claim could be made on the reassurers. Such request was refused, and the defendant excepted.

Defendant then requested the judge to direct verdicts for the defendant on the ground that the defendant was only liable for payment *pro rata* with the reasured. Such request was denied, and the defendant excepted.

The defendant putting in no evidence, the judge directed verdicts for the plaintiff, to which direction the defendant excepted.

The verdicts were duly found, upon which the judge directed the exceptions to be heard in the first instance at general term, the judgments meanwhile to be suspended.

The exceptions were heard at the general term on the 16th day of Otober, 1873, and the following decision, that the exceptions be overruled, and the plaintiff have judgment, was rendered on the 31st day of December, 1873.

*Carlisle Norwood, Jr.*, for the plaintiff.

On nature of contract of. reinsurance, cites *Hone & Bokee, receivers, &c.*, agt. *The Mutual Safety Ins. Co.* (1 *Sandf. Rep.*, 137, *p.* 145); *S. C., affirmed sub nom. ; The Mutual Safety Ins. Co.* agt. *Hone et al., Receivers of the American Mutual Ins. Co.* (2 *N. Y.*, 235, *p.* 240); 3 *Kent Comm.* (279); *Park on Ins.* (2*d Am. ed.*, 276); *Phillips on Ins.* (§ 374); *The Eagle Ins. Co.* agt. *The Lafayette Ins. Co.* (9 *Ind.*, 445); *Flanders on Fire Ins.* (30); *Carrington* agt. *The Com. Fire and Marine Ins. Co.* (1 *Bos.*, 52); *Blackstone,. receiver*, agt. *Alemannia Fire Ins. Co.* (4 *Daly*, 299); *The Philadelphia Trust, Safe Deposit and Ins. Co.* agt. *The Fame Ins. Co.* (*Penn. Sup. Ct., Opinion by* SHARSWOOD, *February* 8, 1873); *In Matter of the Republic Ins. Co.* (*VIII Nat. Bankruptcy Register.*)

To the effect that the contract of reinsurance is distinct from primitive contract of insurance, cites 3 *Kent Comm.* (279); *Park on Ins.* (2*d Am. ed.*, 277); *Phillips on Ins.* (§ 404); *Hastie* agt. *De· Peyster* (3 *Caines, p.* 193, *et seq.*); *Flanders on Fire Ins.* (34).

As to what the risk is, incurred by the reassured, cites *The Mutual Safety Ins. Co.* agt. *Hone* (2 *N. Y., p.* 238); 3 *Kent Comm.* (279); *Park on Ins.* (2*d Am. ed.*, 277); *N. Y. Bowery Fire Ins. Co.* agt. *N. Y. Fire Ins. Co.* (17 *Wend.*, 363).

As to the meaning in the policy of reinsurance of the terms, " the interest of the assured in the property," and " the property," cites *The Mutual Safety Ins. Co.* agt. *Hone* (2 *N. Y., pp.* 239, 240).

To the effect that payment by the primitive insurer has no bearing upon the liability of the reinsurer, cites *Hone* agt. *Mutual Safety Ins. Co.* (1 *Sandf. Rep.*, 152); *Park on Ins.* (2*d Am. ed.*, 278); *Phillips on Ins.* (§ 1752); *The Eagle Ins. Co.* agt. *The Lafayette Ins. Co.* (9 *Ind.*, 443); *Flanders on Fire Ins.* (32, 34); 2 *Bell's Law Dict.* (93, *Art. Ins.*).

On the meaning of the clause " loss, if any, payable *pro*

Norwood agt. Resolute Fire Insurance Co.

*rata* with the reinsured," cites *Blackstone, receiver*, agt. *Alemannia Fire Ins. Co.* (4 *Daly*, 299); *The Philadelphia Trust, Safe Deposit and Ins. Co.* agt. *Fame Ins. Co.* (*Penn. Sup. Ct., Opinion by* Sharswood, *J., February* 8, 1873); *In the Matter of the Republic Ins. Co., cited ante.*

On reassurers' liability, under its contract that " Loss shall be paid sixty days after due proof of the same shall have been made and received at the reassurers' office, cites *Hone* agt. *Mutual Safety Ins. Co.* (*p.* 153); *The Eagle Ins. Co.* agt. *The Lafayette Ins. Co.* (9 *Ind.* 443); *Flanders on Ins.* (32).

To the effect that insurer, by acting upon notice of loss as received in time, waives the objection, cites *Lycoming Ins. Co.* agt. *Schuffler* (6 *Wright*, 42 *Penn.*, 188); *Flanders on Fire Ins.* (512). *See also N. Y. Bowery Fire Ins. Co.* agt. *N. Y. Fire Ins. Co.* (17 *Wend.*, 359).

To the effect that insurer, by offering to compromise, or basing refusal to pay on other grounds than want of proper notice, is estopped from setting up the insufficiency of the notice as to time, cites *Flanders on Fire Ins.* (518); *Lycoming Ins. Co.* agt. *Schuffler* (6 *Wright*, 42 *Penn.*, 188); *Greenfield* agt. *Mass. Mut. Life Ins. Co.* (47 *N. Y.*, 430).

To the effect that insurer, by denial of obligation exclusively for reasons other than those relating to the proofs, waives all defects, cites *Owen* agt. *Farmers' Joint Stock Ins. Co.* (57 *Barb.*, 518); *Bumstead* agt. *The Dividend Ins. Co.* (12 *N. Y.*, 81); *O'Niel* agt. *Buffalo Fire Ins. Co.* (3 *N. Y.*, 122, *p.* 128).

To the effect that the insurer, by failing to object to the proofs, and point out defects, waives all defects, cites *Kernochan* agt. *The N. Y. Bowery Fire Ins. Co.* (17 *N. Y.*, 428, *p.* 433); *Flanders on Fire Ins.*, 543; *Bumstead* agt. *Dividend Ins. Co.* (12 *N. Y.*, 81).

*D. D. Lord*, for the defendant.

On meaning of the terms, " loss," " loss to be settled," and

"loss payable," cites *Mutual Safety* agt. *Hone* (2 *N. Y.*, *p.* 235).

To the effect that reassurer has no privity with original insured, cites *Herckenrath* agt. *Am. Mut.* (3 *Barb. Ch.*, 63).

. To the effect that usage, contrary to the express language of policy, cannot control, cites *Hone* agt. *Mutual Safety.*

SEDGWICK, *J.*—The Lorillard Fire Insurance Company insured "Gage Bros. & Rice against loss or damage by fire to the amount of fifteen thousand dollars," on specified property. The defendant, The Resolute Fire Insurance Company, made its policy, in which they do "reinsure Lorillard Fire Insurance Company on property of Gage Bros. & Rice, against loss or damage by fire, to the amount of five thousand dollars," the property being that specified in the policy made by the Lorillard.

In the policy of reinsurance there was written the words "Loss, if any, payable *pro rata* with the reassured." The other conditions and agreements of the policy were printed. One of these was, "Reinsurance in case of loss to be settled in proportion as the sum reinsured shall bear to the whole sum covered by the reinsured company." The controversy relates to the construction of the written clause, "Loss, if any, payable *pro rata* with the reassured." Evidently, this is elliptical, and words must be supplied to find its meaning.

There is no sense in the words, the loss is to be paid with the Lorillard Insurance Company, or the loss is to be paid proportionally with the Lorillard Fire Insurance Company. If you suppose that this obscurely, although by an incorrect use of words, intimates that the Resolute company is to pay the loss, with or proportionally with the Lorillard company, there would then be a reference to but one loss, viz., that which was the subject of the policy of reinsurance. It is not meant that this should be paid to the Lorillard by the Resolute and Lorillard each paying a certain portion of it.

The loss mentioned, it was intended should be payable *pro rata* with something else than itself.

The parties had in view two losses; one and that which was specified was provided for by the policy of reinsurance. The other, and which must be understood, was provided for by the primitive policy.

"Loss payable," is a technical term. The insured suffers a loss; the insurer, of course, does not pay this loss itself; a sum of money is paid, or agreed to be, as an indemnity for the loss. Policies provide how this sum shall be fixed, and when it is paid, the usage is to say that it pays the loss; although it may be that the sum paid is not, in fact, a compensation for the whole loss. The claim, in question, had in view this character of the two losses payable.

It should be read as follows: The loss under this policy is payable by the Resolute *pro rata* with the loss, payable by the Lorillard, under the primitive policy. It is the equivalent of saying that the Resolute is bound to indemnify the Lorillard in the same proportion that the Lorillard is bound to indemnify Gage Bros. & Rice.

Other cases which have involved the construction of a clause partly like this, differ from it, because the words in these were "*pro rata* and at the same time." We have not to consider what would be meant by these latter words; they are not before us. The clause here simply says, that the Lorillard loss is payable *pro rata*, or proportionally, with the loss payable to Gage Bros. & Rice. The defendants here insist that the stipulation refers to the fact of payment by the Lorillard, that the Resolute is to pay with the Lorillard, *i. e.*, at the same time with, or cotemporaneously. This is supported only by the use of the word "with;" if the word "as" had been used, or "in proportion to" instead of "*pro rata*" "with," I do not think there would be any doubt that the reference was to the amount of the loss to be paid, and not to the time of its payment. It is, however, urged that the amount to be paid by the reinsurers is meant to be fixed

by the fact of payment of the loss, under the primitive policy, and that until the latter is paid there is no way of fixing what the defendants are to pay. The defendant's counsel contend that the clause means " that the loss is to be paid by the reassurers in the same ratio *as it is paid* by the reassured." We think that the first mistake here is, in not making the clause refer to the two losses that we have noticed.

There is, however, another mistake that more closely concerns the immediate point considered. " Payable " is expressive of obligation to pay ; " loss payable " means loss to be paid, inasmuch as the insurer contracts that the loss shall be paid. The same element is present in the " loss payable " by the Lorillard ; so that, instead of saying " the same ratio *as it is paid,*" it should be " in the same ratio as it *is to be paid,*" by the Lorillard, *i. e.*, in the same ratio as the Lorillard is bound to pay the loss of Gage Bros. & Rice.

Therefore, if in case of loss under the primitive policy, the Lorillard should be bound to pay, not the whole of the sum insured, but a per centage of that, then the Resolute is bound, in paying the loss of the Lorillard, to pay the same per centage of the sum covered by the policy of reinsurance. This construction sustains the rulings made by the learned judge at the trial, the exceptions to which are the subject of the appeal.

We do not see how any other construction can be maintained. The other only alternative would be to reject the clause altogether as uncertain and vague. It is said that the clause should not be interpreted in this way because such a provision is made in other parts of the policy, which are printed, and this should be held to mean something more, especially as it is in writing. Without going into unnecessary particulars, *we* say, that from a survey of the whole policy, it does not appear that it has been framed with the purpose of giving to the provisions, separately, a separate meaning, so that each shall do a particular service. The contrary appears. The clause in question is so obscure, that we

Norwood agt. Resolute Fire Insurance Co.

cannot see that it was meant, intentionally, to vary the general obligation of the reinsurer, that is, to pay the sum which it becomes bound to pay, before the reinsured has made any payment on the policy insured by it. And in its obscurity, if we give it any interpretation, it is one which presents no ambiguity. We could not, therefore, simply because the other parts of the policy make a similar provision, decide that the clause should be made to signify what in fact it does not.

The exceptions should be overruled, and the plaintiff have judgment on the verdict, with costs.

MONELL and CURTIS, JJ., concur.